ROTTKAMP et al. v. SPRINGFIELD, L. I., CEMETERY SOCIETY.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

CEMETERIES (§ 5*)—LOCATION—CONSENT OF PUBLIC AUTHORITIES.

    Where a cemetery association applied to the aldermen of the city of New York for consent to the acquisition of 112 acres of land for cemetery purposes, and published the notice of the application for six weeks as required by Greater New York Charter, § 1539a (Laws 1901, p. 1, c. 466), as added by Laws 1904, p. 1462, c. 618, § 1, the board could reconsider its resolution giving the consent, and then adopt a second resolution limiting its consent to 50 acres of the land, without waiting for the publication of a new notice of an application, limited to and describing the 50 acres; the effect of the consent given by the resolution adopted on the reconsideration being the same as if such limited consent had been given at the original hearing.

    [Ed. Note.—For other cases, see Cemeteries, Dec. Dig. § 5.*]

Appeal from Special Term, Queens County.

Action by Joseph Rottkamp and another against the Springfield, Long Island, Cemetery Society, to have a resolution adopted by the board of aldermen of the city of New York authorizing and consenting to defendant acquiring title to land in the county of Queens, and setting the same aside for cemetery purposes, declared null and void, and restraining defendant from conducting a cemetery on the land, and from selling burying lots therein. From a judgment for defendant on the merits, plaintiffs appeal, and base the appeal on the judgment roll and exceptions to the conclusions of law of the court. Affirmed.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

H. S. Weller, for appellants.

Roger Foster, for respondent.

RICH, J.   Section 1539a of the Greater New York charter provides that land shall not be taken by deed, devise or otherwise, in the county of Queens for cemetery purposes, "unless the consent of the board of aldermen of the city of New York be first obtained, which board may grant such consent upon such conditions, regulations and restrictions as, in its judgment, the public health or the public good may require. Notice of application to any such board for such consent shall be published once a week for six successive weeks in two newspapers of the county having the largest circulation therein, stating the time when the application will be made, a brief description of the

lands proposed to be acquired, their location and the quantity thereof." The defendant, after compliance with the provisions of this section as to the publishing of a notice, presented on May 26, 1908, its application to the board of aldermen for its consent to the acquisition of about 112 acres of land for cemetery purposes. A hearing was had, and a resolution containing the consent asked for was duly adopted. At a later meeting, held on June 9th following, the resolution adopted on May 26th was reconsidered and the quantity of land for which the consent of said board was given was reduced to about 50 acres, a portion of the 112 acres described in the original resolution.

The·only question presented by this appeal arises on the plaintiffs' contention that the board of aldermen was without power or authority to give its consent to the acquisition of the land for cemetery·purposes until after notice of application, limited to and describing such number of acres, had been published as required by the section of the charter referred to, and, such publication not having been made, that the consent given was invalid and void. This contention is without merit. All requirements of the charter for the acquisition and devotion to cemetery purposes of a parcel of land consisting of substantially 112 acres having been complied with, it was within the power of the board of aldermen to limit its consent to a portion of the land described in the application, and it was not a condition precedent to the exercise of its power that the application should be so limited to the portion finally fixed upon. The effect of the consent given by the resolution, adopted on the reconsideration, was the same as if such limited consent had been given at the original hearing. Palmer v. Hickory Grove Cemetery, 84 App. Div. 600, 82 N. Y. Supp. 973, cited by the appellants, is not applicable to the facts shown by the record in the case at bar, because in that case it appeared that no notice of application had been published for the period of six weeks before the date of the application, and was not published in the two newspapers having the largest circulation in the county, while in the case at bar all of the requirements of the statute were fully complied with.

The judgment must be affirmed, with costs. All concur.